OPINION of the Court, by
Judge Bibb.
— Two ob* jections are made to the proceedings in this case ; the one diat the declaration has not avered the steers and cows killed and shot by the appellant below, to have f,een Df ⅛6 proper goods and chattels of the plaintiff %. the other that the court erred in overruling the motion for anew trial. It appears that this motion was founded, 1st, on a suggestion that the jury had been guilty of misconduct in the manner of finding their ver-diet ; 2dly, that the defendant had been surprised by (⅛ introduction of material testimony, which it was impossible for him to foresee, but the effect of which the defendant could now do away.
To SUpp0rt the first ground the defexidant below of-r , 1 1 . , r r i • ^ to prove by two witnesses, that lour ot the jurors had declared that the verdict was for a greater sum they thought ought to have been given; and that the verdict was found by adding together the several sums which each juror was inclined to find, and dividing the amount by twelve : which testimony the court re- . * * ⅝ . jseted for very good reasons. The said defendant then moved the court for process to bring in the jurors, or a majority of them, to testify as to their “ misconduct’* *399 aforesaid, which the court refused. To support the second member of his motion, the said defendant “ of* iered to make affidavit in court that the testimony of one of the witnesses introduced by the plaintiff, and on which the jury must have founded ther verdict in part, was such as the defendant had no knowledge or conception of, and had actually supposed impossible until it was introduced, and that he could, if he had had any knowledge or conception of such testimony previous to the trial, have produced evidence which would have destroyed its effect on the verdict of the jury” — but the court refused to hear the affidavit, because they were of opinion the statement, if sworn to, was insufficient to induce a new trial.
On motion for a new trial on account of fur-prife by intro* duction of unexpected evidence, the affi* davit ffiould fee forth the particular point of that evidence 5 and also the meansby which the party expected to counteract it, on another trial.
The court ffiould require an affidavit to be Bled in such cafe, before they heat the motion, Sc ffiould not adjudicate upon the offer of the party to make affidavit.
The objection to the declaration is too nice and technical, especially after verdict. The cattle are stated by the plaintiff to have been “ his” ; this use of the pronoun in the possessive case, conveys a clear idea of property in the plaintiff to the steers and cows, and the plaintiff ought not to have had a verdict, unless he had proved property in them»
The exceptions to the opinions delivered by the court on the subject of the misconductcharged upon the jury embrace three considerations ; 1st. the manner of making up the verdict; 2dly. the after opinions of some of the jurors ; Sdly. the mode proposed of coming at the two former points. Upon these subjects little need be said after the full discussion which they underwent in the case of Taylor vs. Giger, (a) decided at the spring term 1808. Inactionssounding in damages only,iteannotbeexpected that twelve men should at once hit upon the same numerical assessment ; mutual concessions become necessary. To add the several sums which each juror thinks in conscience ought to be given, and divide the amount so produced without fraud or chicanery, (which ought never to be presumed of jurors) by the whole number of jurors, as the centre of mutual concession, seems to be the most convenient practical mode of forming a verdict in such cases. In some of the books it is said, that if the jurors previously agree to abide by the sum so produced, the verdict is bad, but if after the result is known they do agree to it, the verdict is good. This seems very much like a distinction where no difference in practice can exist; for after the result is known, and *400 the jurors are called upon in Ae words of Ae ancient and yet prevailing form to answer to Ae verdict pronounced by their foreman, “ so say you all and when the verdict so delivered and thus interrogated, passes without dissent, it seems strange that the court should set it aside because the jurors had not agreed to it. It is not enough barely to prove that the jurors divided by twelve in malting their assessment, as a sole substantive cause of overthrowing Ae verdict ; * some strong ingredient of fraud or chicanery must be mixed with it, otherwise the verdict should stand. Upon the other branches of this subject, we must repeat that it would be of very dangerous example to suffer jurors to invalid date their acts upon oath, by suggesting their intentions or impressions ; and the court should be very cautious in collecting a jury, after they are dismissed from their Oaths, with intent to set aside their verdict; for as Pro-byn Just, said in Palmer vs. Crowle, reported by Andrews, p. 382-3, “ no one knows whom they meet in the way.” We therefore think that the court below expressed themselves too favorably to the motion, when they said if any of Ae jurors would come in voluntarily and make affidavit of such misconduct, or shew any dissatisfaction towards Ae verdict, they would consider it a sufficient cause for granting anew trial.
The statement of surprise to which the defendant below “ offered?” to swear, is totally insufficient; the affidavit should have set forth distinctly the testimony with which he was surprised, and the means by which he could counteract it on another trial, that the court themselves might have judged not only of the probability of a surprise, but of the efficiency and fairness of the evidence proposed to be used by way of re-action in another trial. But we cannot forbear to disapprove of the mode in which this motion seems to have been conducted ; the defendant “ offered to make affidavit,” — Surely the court ought never to set such a snare for the conscience, as to adjudicate upon the “ offer,” and if they *401 decided upon the sufficiency, then to require the party to come up to the mark by his affidavit. The practice most convenient in itself, as well as most conducive to the ends of justice, is to require the party to file his written affidavit as the pre-requisite and unchangeable foundation of his motion. Upon the whole there is no error in the proceedings as the plaintiff in erfor hath complained. — — Judgment affirmed.

 Har. 586

 In Phillips vs. Baxter, the court Below overruled a motion for a new trial, grounded upon the affidavits of three of the jurors, that the verdict was made up by dividing by twelve, wheteby the refult was 79 dollars, inftead of a much ("mailer sum which they had contended for : that they were at the tíme and yet are dissatisfied whh the verdict — 'the decifion of that court was affirmed in this, on the 30th of this month — -upon the authority of Taylor vs. Giger and Heath vs. Conway.