E. L. TOLLETT v. THE STATE.

1. EVIDENCE—PRACTICE.—There must be legal and competent evidence pertinently identifying the accused with the transaction constituting the offense charged against him, to a degree of certainty greater than a mere probability or strong suspicion in order to convict.

2. PRACTICE.—The provisions of the code impose upon the District Court in the first instance, and afterwards on the Supreme Court, the responsibility of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence to render it safe to allow the verdict to stand and become a precedent in the adjudication of offenses under the law.

APPEAL from Hopkins. Tried below before the Hon. W. H. Andrews.

William Lynch and E. L. Tollett were jointly indicted for theft from a house. There was a severance, and Tollett was first put on trial and convicted. The conviction rests alone on circumstantial evidence.

The main points relied on by the State were the identifi-

cation of a hat found where the theft was committed and identified by some of the witnesses as a hat belonging to Wm. Lynch, and that appellant was in company with Lynch the evening preceding and the morning succeeding the theft. The presence of appellant and Lynch in the vicinity and their being together was explained by the evidence, which showed that they lived in the neighborhood at the same house and were working together. No articles of stolen property was ever traced to either of the defendants. There was no evidence that appellant was in the vicinity of the store at the time of breaking. The evidence showed that but one person was at the store, and one witness, Martha Lynch, stated that the appellant was at her house from dark until two or three o'clock on the night of the breaking. The evidence showed that the store was broken into at twelve o'clock.

The prosecution depended solely on the identification of the hat. The State's witnesses who testified on this point derived their knowledge from casually seeing it worn by Lynch. One witness, James Garrett, testified that in the same neighborhood he had sold a number of hats of the same kind out of the same lot to different persons. It appeared that the witnesses for the State who identified the hat failed to recognize it as appellant's hat when first shown to them. Other witnesses testified positively that the hat was not appellant's hat.

*C. Payne and Samuel J. Hunter*, for appellant.

*A. J. Peeler, Assistant Attorney General*, for the State.

Roberts, Chief Justice.—The defendant was convicted for stealing money and goods from a storehouse.

The only one of the many grounds of objection set forth in the motion for a new trial which it is deemed necessary to notice is, that the verdict of the jury is not warranted by the evidence.

The deficiency in the evidence consists in not proving that anything was missed from the house, and that nothing that was in the house was traced with any reasonable certainty to the possession of the defendant. The new shoes that he had were proved to have been bought by his aunt from the same store, and the owners of the store, both being examined, did not disprove that fact. The value of no article alleged to have been stolen was proved, and there is no fact established which tended, with any reasonable certainty, to show that the defendant was at the store at the time it was entered by the thief. It is not sufficient that that fact was rendered probable only by his association and intimacy with another person whose hat was found in the store, even if it had been established without doubt that the hat belonged to such other person. It was not shown that two persons entered the house, or were near it, but one person having been seen escaping from the house.

To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof tending to establish that the party charged was the person who committed it or was a participant in its commission to a degree of certainty greater than a mere probability or strong suspicion. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. It is the duty of the court to require that such legal and competent evidence shall be adduced on the trial in order to sustain a verdict of guilty.

This is plainly deducible from our code, which prescribes as one of the grounds of new trial that "the verdict is contrary to the law and evidence," (Paschal's Dig., art. 3137,) and also that "the Supreme Court may revise the judgment in a criminal action as well upon the law as upon the facts, but when a cause is reversed for the reason that the verdict is contrary to the weight of evidence the same shall in all cases be remanded for a new trial." (Paschal's Dig., art. 3210.)

These provisions impose upon the District Court in the first instance and afterwards on this court the responsibility of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence as would render it safe to allow the verdict to stand and become a precedent in the adjudication of offenses under the law. The performance of this duty on the part of the court is the exercise of a legal discretion and judgment as to what facts should be sufficient to rebut the legal presumption of innocence to which every one is entitled who is put upon his trial for an offense.

We are of opinion that there was not sufficient evidence in this case to warrant the verdict of the jury.

REVERSED AND REMANDED.