## J. F. BARNELL *v.* THE STATE.

1. EVIDENCE. — That a conviction may be sustained, it must not only appear that the offence charged has been committed, but the evidence must show to a certainty, beyond strong probability or suspicion, that the person charged committed or participated in the commission of the offence.

2. SAME. — The responsibility of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent testimony to render it safe to establish a precedent for the adjudication of

offences, under the law, is placed by the Code primarily on the District, and finally on this court. This duty of the court is the exercise of legal judgment as to what facts are sufficient to rebut the legal presumption of the innocence of the accused.

3. SAME. — The rule is, that the *best* existing evidence must be produced or accounted for. Note facts illustrative of this rule.

APPEAL from the District Court of Robertson. Tried below before the Hon. S. FORD.

The facts are stated in the opinion of the court.

*J. W. McNutt*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J. The following is the entire testimony adduced on the trial of the appellant:

D. L. Dotson, a witness for the State, testified that he lost a gray gelding, on or about December 20, 1877; that he had tied his horse in front of Bishop's house, in Hearne; that the horse was branded $\overline{A}$, and was taken without his consent, and was taken in Robertson County, and State of Texas; and that he tracked the horse about a half-mile in the direction of Milam County, Texas, and got the horse back from A. A. Burke, at Rockdale, in Milam County, Texas, two or three days after the taking.

A. A. Burke, witness for the State, said that he saw the defendant in Rockdale some time between the 20th and the 25th days of December, 1877; that the defendant had been arrested, and was in the hands of a deputy United States marshal; that, while in custody, defendant gave witness and said United States marshal an order on a livery-stable keeper at Cameron, in Milam County, Texas, for a gray gelding, which was afterwards claimed by D. L. Dotson, and was by him turned over to D. L. Dotson; and that the defendant gave the order to him and the United States

deputy-marshal for the horse in order to turn the horse over to an attorney to defend him in another case.

In *Tollet* v. *The State*, 44 Texas, 95, two rules were laid down by the Supreme Court of this State, which have been followed by this court, and deemed correct, and applicable to and decisive of the present case.

1. To sustain a conviction it should appear, not only that an offence as charged has been committed, but there should also be proof tending to establish that the party charged was the person who committed it, or was a participant in its commission, to a degree of certainty greater than a mere probability or strong suspicion. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offence charged against him.

2. The provisions of the Code " impose upon the District Court in the first instance, and afterwards on this court, the responsibility of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence as would render it safe to allow the verdict to stand and become a precedent in the adjudication of offences under the law. The performance of this duty on the part of the court is the exercise of a legal discretion and judgment as to what facts should be sufficient to rebut the legal presumption of innocence to which every one is entitled who is put upon his trial for an offence."

It is conceded that the fact in evidence that the accused gave the witness an order to a stable-keeper in Cameron for a gray gelding, which was afterwards turned over to Dotson, the owner, was a circumstance which tended, at least, to show that he had knowledge of the theft; yet this testimony would have been more satisfactory if it had been shown that the witness had obtained the gelding at the livery-stable indicated in the order, or elsewhere, on information obtained

from the accused; or by having produced the testimony of the stable-keeper, which testimony was certainly accessible to the State; or, at any rate, its absence is not accounted for.

The evidence adduced indicates that there was better, or at least more conclusive, evidence within the reach of the prosecution. If it be the fact that the giving of the order, or any statement made by the accused, led to the discovery of the animal, or that it was really found at the place mentioned in the order, this could have been shown on the trial; or if he had conveyed the horse to Cameron, or some other person acting with him had done so, it is most likely this could have been shown. When the testimony discloses the existence of better evidence, — that is, more original sources of information, — the law requires its production. 1 Greenl. on Ev., sec. 82; *Porter* v. *The State*, 1 Texas Ct. App. 394; 2 Abb. Dig. 327, 328.

We are of opinion that the evidence of the guilt of the appellant is not of that satisfactory character as would render it a safe precedent in the determination of criminal cases under the law.

The judgment is reversed and the case is remanded.

*Reversed and remanded.*