NEAL WILLIAMS v. THE STATE.

No. 5180.   Decided January 22, 1919.

**Burglary—Recent Possession—Identity of Property.**

Where, upon trial of burglary, the alleged stolen property consisted of certain cottonseed stored in a crib, the burden was upon the State to prove the identity of the alleged property, and where the proof was not sufficient of such identification the conviction could not be sustained on the proposition that the possession of the property recently stolen from the burglarized premises justified the inference that the defendant broke into said crib. Following Tollett v. State, 44 Texas, 95.

Appeal from the District Court of Austin.   Tried below before the Hon. M. C. Jeffrey.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. G. Krueger* and *Mathis, Teague & Mathis,* for appellant.—On question of insufficient identification.   Baldez v. State, 37 Texas Crim. Rep., 413; Tevino v. State, 38 id., 64; Harris v. State, 67 Texas Crim. Rep., —, 148 S. W. Rep., 1074.

On question of explanation: Burrell v. State, 50 Texas Crim. Rep., 386; Wilkie v. State, 203 S. W. Rep., 1091.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant's conviction was for burglary. The party injured had stored in a crib on his farm, some five miles from his residence, about a bale of cotton seed.   On going to his crib he found the lock had been broken and the seed removed.   The ground in front of the crib indicated that a wagon drawn by small mules had been the means by which the seed were transported.   On the same day that the seed were missed, the appellant, who was the owner of a wagon and two small mules, brought a load of cotton seed, about a bale, to the oil mill at Sealy and sold it.   The owner of the lost seed identified the seed sold by the appellant as those which he had lost, and upon this identification the conviction rests.   The owner claimed that he was able to identify his cotton seed and distinguish them from others by reason of the fact that in the same crib there had been stored some sorghum cane and that some of the cane seed and the leaves from the sorghum had been carried by the mice and mixed with the cotton seed;

and the further fact that his farm was red dirt and that some of that also became mixed with his seed. The owner's son identified them by the same means.

Appellant was a farmer, and introduced evidence of several witnesses which, if true, established an alibi. That is to say, the State's theory was that he had left his home, which was at or near Sealy, and drove to and burglarized the crib on the night preceding the morning on which the seed were missed. His alibi accounted for his presence on the night in question and negatived the fact that he had left his home. He introduced evidence of several witnesses that he had raised a crop of cotton and had stored the seed in his smokehouse, and that these seed were loaded on the appellant's wagon from his own crib and carried therein to the oil mill and sold. It was also shown that appellant, in his crop, had raised some sorghum cane; that appellant's farm was not on red dirt, but that there was red dirt at Sealy, where he took the seed and unloaded them. The sheriff examined the appellant's crib and says that he found a small quantity of seed scattered around on the floor and a sack of seed, but none out in front of the crib. The appellant and his witnesses claimed that part of the seed which appellant had loaded on the wagon was taken out of sacks in which he had them stored and part of them were loose in the crib. The sheriff in making his inspection went to the door of the crib and looked in but did not go in. He found no empty sacks.

The State's case rests upon the proposition that the possession of the property recently stolen from the burglarized premises justifies the inference that appellant broke open the crib in which the seed were stored and sold them. Proof of identity of the seed which were found in the oil mill placed there by appellant, with the seed that were stolen from the crib is essential. The burden was upon the State to prove this identity beyond a reasonable doubt. Granting that the jury were authorized to disregard the evidence introduced by the appellant showing an alibi and his own explanation of possession of the seed which he sold to the oil mill, we are not satisfied that the owner could identify his seed. Cotton seed is an article that is to be found in the possession of almost all the farmers in the part of Texas where the offense was committed. Neither the quantity of the seed nor the character of the seed themselves are capable of identification by any marks or peculiarity in their appearance so far as the evidence discloses. Sorghum and sorghum seed are also a common and usual product of the farms in the same locality, and it is a matter of common knowledge that in storing and handling products of this kind that the fact that sorghum seed or sorghum leaves might become in some degree intermingled with the cotton seed would not be such a peculiarity or distinguishing feature as would establish the identity of the seed from one bale of cotton from the seed of another. And the same principle holds good with reference to the character of the soil. The evidence does not disclose the quantity of dirt or the quantity of sorghum seed or leaves that were with

the cotton seed, does not suggest that the quantity was such as to be unusual, and since the appellant's guilt depends alone upon the identification of the cotton seed we are not satisfied under the evidence to sustain the conviction. A number of cases similar in their nature are found in Branch's Ann. P. C., sec. 2482, and White's Ann. P. C., sec. 1152; among them Polin v. State, 65 S. W. Rep., 183; Tollett v. State, 44 Texas, 95.

We therefore conclude that the judgment should be reversed and the cause remanded, which is ordered.

*Reversed and remanded.*