BERRY, Judge.
 

 Appellant was convicted in the County Court at Law of Harris County, Texas, for the offense of carrying on and about his person a pistol and his punishment was assessed at a fine of $100.00.
 

 The state relied for conviction on the testimony of the witness Sammons and in the view that we take of the case it is necessary to set out the testimony of this witness in full. His testimony follows:
 

 “I am a game warden. Early on.the morning of November 25, 1923, while in company with - Brennan going from Houston out the Chocolate Bayou Road when about eight or nine miles from the City of Houston, I came upon a Ford touring car with several negroes in it; two negroes were out working on the rear wheels repairing the casings. I stopped by car on the opposite side of the road and went to where the Ford car was standing, and asked the negroes working on the rear wheels what they had in the car. The defendant was one of the negroes working on the .wheels and he stated that they had nothing. I told the negroes to get out of the car. When I raised up the rear seat of the car, I found this this pistol behind the rear seat of the car. It was not under the seat but was between the rear seat and the rear cushion. It was not where it could be seen unless one was right over it and looking down. I do not know whether it could have been seen then without moving the cushion. It was near the middle of the car behind
 
 *619
 
 the rear seat. There were five negro men and two women in the bunch. I asked the defendant and the others in the bunch who the pistol belonged to, and each one denied owning the pistol and also denied knowing that the pistol was in the car. I asked the defendant'whose pistol it was and he stated that he did not know, and that he did not know the pistol was in the ear. I asked him who the ear belonged to and he said that it was his car and that he was coming from Houghton in Fort Bend County to Houston Mr. Brennan and I searched the defendant and found four cartridges in his pocket similar to the cartridges that were in the pistol. I asked him what he was doing with those cartridges in his pocket and he said he had just picked them up from the floor of the car.”
 

 The defendant offered the testimony of three occupants of the car and testified in his own behalf, and it is sufficient to say that no testimony offered by the defendant in any manner strengthened the case as made for the state by the witness Sammons, but on the contrary appellant proved by at least one of the witnesses offered by him, and this was undisputed, that while the car was being operated appellant sat on the front seat as the driver and three men and one woman occupied the rear seat where the pistol was found. We cannot lead ourselves to the conclusion that this testimony is sufficient to warrant the conviction. Cox v. State, 59 S. W. 904. In the Cox case, supra, the appellant was convicted under an indictment charging him with placing an obstruction on a railroad track. The testimony showed that appellant had confessed that he passed along by the tracks the morning the offense is alleged to have occurred, and it was also shown that the tracks of another person, presumably a boy, judging from the tracks, said by the witness to be about 12 years old, passed along the car tracks at the same place, both going and coming. As to who the boy was was never ascertained.
 

 Under this condition of the record Judge Henderson used this language:
 

 “If the testimony even brought the matter of guilt down as between the unknown boy and the defendant we would still be unable to. see beyond a reasonable doubt that it was one or the other. We may concede there are some circumstances the strongest of which is that his tracks were found on the railroad nearest to the obstruction, pointing to the defendant as the guilt party, but these amount to no more than a mere suspicion.”
 

 The record in his case, in our opinion, wholly fails to pertinently identify this defendant to the exclusion of the other occupants of the car as being the person guilty of the offense charged. It is true the officer testified to finding four cartridge “similar” to the cartridges that were in the pistol, in the pocket of this de
 
 *620
 
 fendant, and it is further true that the defendant was the owner of the car, but we are unable to see in the light of the state’s case that these two circumstances were sufficient to meet the rule requiring the state to make its case by legal and competent evidence pertinently identifying defendant with the transaction constituting the offense charged against him. Indeed it is apparent that either of the four parties occupying the rear seat of the ear were at least as pertinently identified with the transaction constituting the offense as was the defendant. In our opinion Judge Roberts announced the correct rule in the case of Tollett v. State, 44 Texas 95, when he said:
 

 “To sustain a conviction it should appear not only that the offense as charged has been committed but there should also be proof tending to establish that the party charged was the person who committed it or was a participant in its commission to a degree of certainty greater than a mere probabilty or a strong suspicion. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. It is the duty of the court to require that such legal competent evidence shall be adduced on the trial in order to sustain a verdict of guilty.”
 

 This rule has been followed by this court without a break and after a careful investigation of the record in this case we cannot say that the guilt of the appellant has been established beyond any reasonable doubt, and it is our opinion that the judgment of the lower court should be reversed and the cause remanded.
 

 Reversed and remanded.
 

 The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.