JOHNIE HARTFIELD AND LEON RICHARDSON V. THE STATE.

No. 9806.   Delivered March 10, 1926.

**Theft, a Misdemeanor—Evidence—Held Insufficient—Rule Stated.**

It is a well settled rule in this State that in order to sustain a conviction, it should not only appear that an offense had been committed, but is also essential that there should be proof showing that the party charged was the very person who committed or was a guilty party participant in its commission.   The facts in this case wholly failing to meet this measure of proof, the cause must be reversed.  Following Cox v. State, 57 S. W. 903; Williams v State, 271 S. W. 617, and Tollet v. State, 44 Texas 95.

Appeal from the County Court of Guadalupe County.  Tried below before the Hon. J. B. Williams, Judge.

Appeal from a conviction of theft, a misdemeanor, penalty a fine of $100.00 and six months in jail against each of the appellants.

The opinion states the case.

*P. E. Campbell* of Seguin, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellants were convicted of theft of a watch under the value of $50.00 and their punishment assessed at a fine of $100.00 and six months in jail.

The record discloses that one Alford Mattke and wife left home on the afternoon of May 29, 1925, a short time before sundown and went to the home of Mr. Doege, Mattke's father-in-law, who lived about a mile away, and that when they returned home that night they found that someone had entered the house, the doors of which had been left open, and had taken a watch and some meat and apples. The only connection this record shows that the appellants had with this theft was that they were at Doege's house between sundown and dark, and there is some testimony to the effect that their tracks were found near Mattke's house the next morning. The record fails to show that any of the stolen property was found in the possession of these appellants, or either of them, and except as above stated there is not a suggestion in this record that in any wise casts a suspicion on these appellants. The testimony is wholly insufficient to support the verdict. Cox v. State, 57 S. W. 903; Williams v. State, 271 S. W. 617; Tollett v. State, 44 Texas 95.

These cases and many others support the rule that in order to sustain a conviction it should not only appear that an offense had been committed as charged, but it is also essential that there should be proof showing that the party charged was the very person who committed or was a guilty participant in its commission, and the proof must be of a greater degree of certainty than a mere probability or suspicion. It is the plain duty of the court to require that proof be made by legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him.

If it be conceded that the tracks of the appellants were found near the home or at the home of the alleged injured party in this case it would by no means follow that this

circumstance alone was sufficient to show beyond a reasonable doubt that they were the parties who stole the property taken from him on the night in question. In this State a citizen cannot be legally convicted on any such flimsy testimony. It is true that the appellants are negroes and the alleged injured party is a white man, but this fact does not authorize the State to dispense with proof of guilt.

Because the evidence is wholly insufficient to support the verdict, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.