## Jim Curtis v. The State.

No. 13239. Delivered March 5, 1930.
Rehearing denied April 9, 1930.
Reported in 26 S. W. (2d) 277.

The opinion states the case.

*E. A. Lindsey* of Newton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, twenty-five years in the penitentiary.

Appellant and deceased were both negroes. The deceased lived in Newton County and the appellant in Liberty County. The motive for the killing apparently was the fact that deceased was going with the wife of appellant, from whom he was at the time separated. The killing happened about twelve o'clock on Sunday night. The deceased was apparently shot from ambush a few feet from the house of Henry McCarter. The imprint of a shoe track was found on the ground at the scene of the killing. A witness testified that appellant's shoes would make that same kind of a track. Both McCarter and his wife claimed to have seen and to have recognized appellant as he fled after a shot was fired near where deceased's body was afterwards found. On Wednesday night before the killing on Sunday night McCarter testified to having seen appellant at his home with a shotgun and a rifle. Deceased was shown to have been killed with a shotgun. He was also shown to have been absent from his home in Liberty County at this time.

The sufficiency of the evidence is vigorously assailed. While the circumstances are sufficient to throw some doubt on the ability of McCarter and his wife to recognize and identify appellant on the night of the killing, as a whole they presented a jury question which has been resolved against appellant and we regard its finding as binding upon us.

Only one bill of exception appears in the record. Objection was made to the following statement by witness McCarter:

"I saw the Defendant on Wednesday before the killing on Sunday night out on the yard; he came there with two guns—One a winchester and One a shotgun. He told me 'I am going to do something with this, and if you tell it I am going to kill you.'"

Appellant objected to this testimony because the State failed to connect the deceased with the threat. Obviously it was admissible for the State to prove that appellant was at the scene of the killing with a shotgun. The objection went to the admissibility of this as

well as the alleged threat. Conceding that the latter part of the statement amounted to a threat about which it is not necessary to express an opinion, its admissibility could not be reached by a blanket objection which sought to also exclude testimony clearly admissible. The alleged inadmissible portion should have been directly challenged and singled out from the admissible portions. Branch's P. C., Sec. 211; Payton v. State, 35 Tex. Crim. Rep. 510; Aven v. State, 177 S. W. 82.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes complaint of our former opinion for saying that a witness swore that appellant's shoes would make the kind of tracks found on the ground after the killing. Constable Benson swore that he examined the tracks around the place of the homicide; that he saw in the yard at said place two tracks made by the right foot shoe; that said track was made by a shoe with a rubber heel and a toe not pointed nor yet blunt, about a number nine shoe. He said the shoes of deceased did not fit these tracks. Referring to appellant's shoes, witness said they would make the kind of track he saw, but he would not say the tracks were made by appellant's shoes, nor that the shoes that made the tracks were worn by appellant, but that said track was made by a shoe of the same pattern as those worn by appellant. We find nothing in the cases of Clifton v. State, 47 S. W. Rep. 642; Warren v. State, 106 S. W. Rep. 132; and Hartfield v. State, 281 S. W. Rep. 555, which go further than to hold that a conviction, under circumstances detailed in each of those cases, would not be sustained under their facts even though there was evidence of tracks in each of some similarity to those made by shoes of the accused, which tracks had guilty significance. In the case before us the tracks examined and testified to were sufficiently described and identified, and such testimony was before the jury for what it was worth, but the State proved by two witnesses who were present at the time of the shooting that they heard the shot and saw appellant running away. As supporting motive, it was shown that de-

ceased was going with the wife of appellant from whom the latter was temporarily separated.

The opinion is further assailed for saying that appellant carried both a shotgun and a rifle to the house of McCarter on Wednesday night before the Sunday night of the killing, which also took place at McCarter's house. The opinion is correct in its statement. We quote from McCarter's testimony: "Jim Curtis stayed at my house Wednesday night. * * * When Jim came there Wednesday * * * he came with two guns, a Winchester and a shotgun." The Jim Curtis referred to was appellant.

The only two bills of exception found in this record are based upon complaints set out in certain divisions of the motion for new trial, and one of same relates to the admission of testimony, and the other to the lack of testimony. Such bills of exception are of no avail. A bill of exception to the introduction of testimony must show that the objections were made at the time the testimony came from the witness. It can not be based on the motion for new trial in setting out that the court erroneously admitted such testimony. The sufficiency of the testimony is raised by the appeal, and a bill of exception making such complaint is not necessary.

The motion for rehearing will be overruled.

*Overruled.*