## LESLIE v. STATE.
### No. 17348.

Court of Criminal Appeals of Texas.
March 13, 1935.

Francis M. Chaney, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of theft of property of the value of less than $5, and her punishment was assessed at a fine of $100.

The complaint and information charged that "Aline Leslie, alias Aline Fallon, on or about the 31st day of March, A. D. 1934, in the County of Dallas and State of Texas, did unlawfully and fraudulently take one pair of hose of the value of $1.00, the same being the corporeal personal property of Bob Staats, hereinafter styled 'Owner,' from the possession of said owner and without the consent of said owner, and with the intent to deprive the owner of the value thereof, and with the intent to appropriate it to the use and benefit of her, the said defendant." In addition, the complaint and information charged that "theretofore on the 22nd day of July, A. D. 1929, the said Aline Leslie, alias Aline Fallon, was convicted in the Justice Court of Precinct No. 1, Dallas County, of theft of corporeal personal property under the value of $5.00, upon a complaint in cause No. 14430, entitled the State of Texas v. Aline Fallon, who is one and the same person as Aline Leslie," and the complaint and information further charged that "on the 26th day of December, 1929, the said Aline Leslie, who is one and the same person as Aline Fallon, was duly and legally tried and convicted of the offense of theft of corporeal personal property of the value under $5.00 upon a complaint in cause No. 14,685, entitled the State of Texas v. Aline Leslie, who is one and the same person as Aline Fallon, and of which said Justice court had jurisdiction and which said judgments became final; against the peace and dignity of the state."

Upon the trial of this cause, the appellant entered a plea of guilty to the offense of theft, and the testimony offered by the state clearly established her guilt of the theft of the alleged property. The state introduced in evidence the complaint, jacket, and judgment in causes Nos. 14885 and 14430, and undertook to prove that appellant was the same person as the Aline Leslie and Aline Fallon, who was theretofore convicted in the justice court in said styled and numbered causes.

By bills of exception Nos. 1, 2, and 3 the appellant complains of the action of the trial court in permitting the state to introduce in evidence, and in permitting the state to read to the jury, the entire record in causes Nos. 14685 and 14430. The court in his qualification to said bills certifies that there was no

documentary evidence introduced in causes Nos. 14685 and 14430, except the complaint, jacket, and judgment, and that there was no exception taken to the ruling of the court in admitting the same in evidence. The bills as thus qualified fail to disclose any error. The appellant will not be heard to complain of the admission of evidence to which he made no objection at the time it was offered and where no motion was made to withdraw the same from the consideration of the jury. See Curtis v. State, 114 Tex. Cr. R. 628, 26 S. W.(2d) 277; Rosamond v. State, 101 Tex. Cr. R. 315, 276 S. W. 247. However, in the case under consideration, the court in his charge instructed the jury not to take into consideration any evidence of former convictions in determining the punishment to be assessed against appellant.

No reversible error appearing in the record, the judgment of the trial court is in all things affirmed.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.