## LEE WHITE V. THE STATE.

No. 19443.  Delivered February 9, 1938.

The opinion states the case.

*Martin & Shipman* and *W. E. Lessing,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's only contention is that the evidence is insufficient to warrant and sustain his conviction.  We believe that his contention is well founded.

The record shows that on the night of March 12, 1937, the Gulf Refining Company's Warehouse in the town of Merkel was broken into and ninety gallons of Gulf Pride and Gulf Lube were taken.  This oil was in one-quart, five-quart, and five-gallon cans, stacked in cartons.  Appellant and Edgar Claybourn were seen in the town of Merkel about sundown on the night of the burglary.

A short time after the burglary, forty-one gallons of the alleged stolen oil was found stored under a culvert approximately one-half to one mile from the home of Edgar Claybourn.  About two weeks later, the officers, armed with a search warrant, went to the home of appellant and made a thorough search

of his premises. They found twenty quarts of the same kind of oil as that taken from the burglarized warehouse; but the quart cans, found in a sack under a tree, were dirty and rusty, and the label or brand was one that had not been used by the Gulf Company for approximately two years. However, the agent in charge of the warehouse testified that he sometimes received a shipment of oil in which cans carrying the old brand would be found. He said, however, that he had received no cans of oil which looked as dirty or rusty as those found on the premises of appellant.

There were a few empty five-quart cans found in the barrow pits along the road a short distance from appellant's home. These cans appeared to have been only recently emptied, but they were not identified as the cans taken from the burglarized warehouse. No other containers with oil were found in or near appellant's home. Appellant did not testify but his son testified that the twenty quart cans of oil had been sitting out under a tree in a pasteboard box for some time. He stated that when they undertook to move the box, it fell apart and that they then placed the cans in the sack and left them under the tree. The cans found on appellant's premises were never positively identified as the cans taken from the burglarized warehouse.

The State relied entirely upon circumstantial evidence to connect appellant with the offense charged. The only circumstances proved and relied on by the State are that he was seen in the town of Merkel about sundown prior to the commission of the alleged offense and that twenty cans containing Gulf Pride Oil were found on his premises. There was, as stated above, no positive proof that these twenty cans were part of the loot taken from the house.

It is a well established rule in this State that where the State relies for a conviction upon the fact that the accused is found in possession of recently stolen property, it is essential that the identity of the property in his possession be established as that which was recently stolen. Williams v. State, 84 Texas Crim. Rep., 461; Johnson v. State, 36 Texas Crim. Rep., 394; Love v. State, 58 Texas Crim. Rep., 270; Jobe v. State, 72 Texas Crim. Rep., 163.

In order to sustain a conviction on circumstantial evidence, the circumstances must be such as to establish the guilt of the accused beyond a reasonable doubt, and must exclude every reasonable hypothesis consistent with his innocence. The evidence in the instant case fails to meet the requirements of the test.

Having reached the conclusion that the evidence is insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.