BOB COMPTON V. THE STATE.

No. 21937. Delivered January 28, 1942.

The opinion states the case.

*James A. Stephens*, of Benjamin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property of the value of less than $50.00 and over the value of $5.00. The punishment assessed is confinement in the county jail for a period of six months and a fine of $250.00.

Appellant's only contention is that the evidence adduced by the State does not justify and sustain his conviction. We are of the opinion that his position is well founded. The State's evidence, briefly summarized, shows that on the 10th day of March, 1941, some one fraudulently took the property described in the complaint and information from the possession of W. B. Morrison, who had left it at the North Wichita bridge in Foard County. A month later the sheriff, accompanied by one of his deputies, went to a ranch which he thought belonged to appellant and his brother, Tom Compton, and while there they observed some of the stolen property in an open garage. The officers did not go there to make any investigation of the alleged theft but on some other business. Tom Compton was present at the ranch house, which was located within 20 or 30 feet of the garage, when the officers arrived. Appellant was not present and there is no evidence as to when, if ever, he had been there prior to the time the property was found by the officers.

Appellant did not testify or offer any affirmative defense but rested when the State did so.

In order to justify a conviction on a charge of theft, the law requires that the State establish the guilt of the accused by legal and competent evidence beyond a reasonable doubt. Again, to sustain a conviction for the offense of theft, it should appear not only that the theft as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. See Hartfield, et al v. State, 103 Tex. Cr. R. 441, 281 S. W. 555; 12 Tex. Jur. p. 229, sec. 141; Branch's Ann. Tex. P. C., p. 1345, sec. 2485; Rios v. State, 153 S. W. 308.

What evidence is there in the present record pertinently identifying appellant with the transaction constituting the offense charged? None. There is no proof that he was anywhere near the place where the alleged theft was committed at the time in question, nor is there any evidence that he brought the alleged stolen property to the place where it was found. Neither is there any evidence that he was at said ranch house before, at the time of, or since the property was brought there by some one; no one knows who. The State has wholly failed to connect the appellant in any way with the theft of the property in question.

Deeming the evidence insufficient to support the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.