**Henry SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44202.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

John G. Gilleland, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice; trial was before a jury and the court set the punishment at 10 years imprisonment.

■ Appellant first complains that the court erred in not instructing a verdict of not guilty upon completion of the State's case, in that it had failed to prove any of the elements of murder with malice. The contention is not that there is insufficient evidence in the record to support the verdict of guilty of murder with malice.

This contention is without merit. In Lopez v. State, 172 Tex.Cr.R. 317, 356 S.W.2d 674 (1962), this Court held that where the court overruled the defendant's motion for instructed verdict on the State's case, the jury thereafter is entitled to rely on all evidence presented by the defendant as well as that presented by the State in reaching its verdict. See also, Gray v. State, 379 S.W.2d 910 (Tex.Cr.App.1964); Spears v. State, 103 Tex.Cr.R. 474, 281 S.W. 555 (1926); Davis v. State, 440 S.W.2d 291 (Tex.Cr.App.1969). At the time the State rested, the proof did show that the appellant herein had shot the deceased with a gun.

Appellant's first ground of error is overruled.

■ Appellant's second ground of error contends that the court committed reversible error when it overruled defendant's motion for a new trial because of the method of jury selection used herein.

The record of the hearing on motion for new trial shows that the jury panel for the week was selected by electronic means. Those means are authorized in Art. 2100a, Secs. 1 & 3, Vernon's Ann.Civ.St.

Further, appellant complains of the method used for the first time on the motion for new trial. There was no written challenge to the array setting forth distinctly the grounds of the challenge, supported by affidavit and no testimony offered to establish the means used. Further, appellant does not show how he was harmed thereby.

■ Appellant cannot be heard to complain for the first time on motion for new trial of the manner in which the jury panel is selected. Lopez v. State, 437 S.W.2d

**522**

268 (Tex.Cr.App.1968); Singleton v. State, 171 Tex.Cr.R. 196, 346 S.W.2d 328 (1961).

■ Appellant's third ground of error cites no authority and makes no reference to the record. This is not in accord with Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., and therefore will not be considered by the Court.

There being no error, the judgment is affirmed.