James Ray HARDY, Appellant,

v.

The STATE of Texas, Appellee.

No. 46428.

Court of Criminal Appeals of Texas.

June 27, 1973.

Rehearing Denied July 17, 1973.

David F. Farris (Court appointed on appeal only) Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Robert A. Sewell, Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction by a jury on a plea of not guilty was for theft of an outboard motor of the value of over $50; the punishment, six (6) years.

No question as to the sufficiency of the evidence is raised. Appellant, Garland Wayne Copeland and Leon Deryl Pinkston were found in possession of a 33 horse-

power Evinrude outboard motor of the value of over $50 about 4:30 in the morning of September 23, 1971. The outboard motor proved to have been stolen from the possession of E. G. T. Bates on that night, having been taken from a barge on Lake Arlington.

Appellant and his two companions were observed by Officer Larry Wayne Robertson of the Arlington Police Department in a Mustang automobile, which was stuck in the mud, near the lake shore, moving slowly toward the roadway. As it pulled onto the roadway, Officer Robertson stopped the car to see "what it was doing down there near the boat docks" where there were a number of boats kept. The Mustang was very muddy, and was sitting very low as if it had a heavy load in the back of it. The officer noticed muddy hand prints on the trunk area, and on the rear bumper area there appeared to be mud and sand running out of the trunk lid onto the bumper and on the ground.

The officer approached the car on the driver's side and asked the three male occupants for identification. The driver was Copeland, who showed Robertson a "mug" shot with a number on it, showing it was from the Louisiana State Penitentiary, and said he had been out of the penitentiary three months before. He said the car belonged to his mother, that he and the other two had gone fishing, but the officer could not see any fishing poles, gear or equipment. Officer Robertson testified:

"I asked Mr. Copeland if he would mind if I did look in his vehicle, and he replied, no, he did not care.

"Q And he gave you permission to look and search the car?

"A Yes, sir, he did."

The three occupants of the car, one of whom was appellant, were asked to get out of the car. Officer Seals arrived in response to a radio call. When the three men got out of the car, they were wet and muddy to the waist. In the meantime, Sgt.

Dan Martin of the Arlington Police also arrived.

Officer Robertson further testified:

"Q Did you ask the driver of the car for the keys to the trunk of the car?

"A Yes, sir.

"Q What did he tell you?

"A He said that he didn't have a key to the trunk. It was a car belonging to his mother.

"Q All right. Then did he give you the keys he did have?

"A Yes, sir, he did.

"Q What did you do with the keys that he had?

"A I gave them to Sgt. Martin.

"Q Were you with Sgt. Martin after he had the keys?

"A Yes, sir.

"Q What did Sgt. Martin do with the Keys?

"A He took the key that was separate, it was a large key ring, and then one key that was separate, that was the ignition key, put the ignition key in the trunk and the trunk opened, the lock.

"Q When he opened the trunk, were you present?

"A Yes, sir. . . ."

"THE WITNESS: We found several items in the car, a large thirty-three horsepower Evinrude motor, blue and white, very muddy and had moss on the lower extension of it. The moss appeared to be fresh as if the motor had been in the water recently. It was muddy as if it had been dragged through the mud, and all the cables and fuel lines had been cut on it.

"There was a rubber pair of fishing waders, waist waders in the trunk that

were muddy, and then wet on the inside. There was a canvas pouch with hand tools, pliers and screw drivers. All these tools were wet and muddy, and there was also a large pair of bolt cutters, which were muddy."

The Evinrude motor was identified by the owner E. G. T. Bates. It had the shipping cable, the throttle cable, the electrical cable and the steering cables cut. The remainder of those cables were on the barge from which the motor had been removed.

The other police officers testified in harmony with Robertson's testimony but appellant did not testify or present any evidence in his behalf before the jury.

■ On his motion to suppress he testified that he did not give his consent to search the automobile. He did not claim coercion or in any manner raise an issue as to the involuntary nature of the consent testified to by Officer Robertson.

Appellant objected to evidence as to the Evinrude outboard motor found in the trunk of the Mustang occupied by himself, Copeland and Pinkston on the ground of an unlawful search and seizure. At the conclusion of a hearing outside the presence of the jury, the trial court found that the officer lawfully stopped the Mustang to make an investigation, that he lawfully made an arrest under Art. 14.03, Vernon's Ann.C.C.P., that permission was granted to search the automobile, and denied the motion to suppress.

Consent to search was clearly shown by the evidence, and we overrule the contention of unlawful search and seizure raised by appellant's ground of error.

See the many cases collated in Texas Digest, Search and Seizure, ■■■■ and also Allen v. State, Tex.Cr.App., 487 S.W. 2d 120; Sorenson v. State, Tex.Cr.App., 478 S.W.2d 532; and Schneckluth v. Bustamonte, — U.S. —, 93 S.Ct. 2041, 36 L. Ed.2d 854 (1973).

■ Appellant complains that the court erred in not charging the jury that, if they had a reasonable doubt that any evidence was obtained by an unwarranted or unreasonable search, the jury should not use it against appellant.

Since appellant did not testify before the jury that he did not give his consent to search the automobile, the evidence was therefore undisputed that he gave such consent, and there was no issue on this subject to be decided by the jury. Further, the requested charge did not ask for the issue of consent vel non to be submitted to the jury. The charge as requested would have given the jury no rule or guide by which to determine whether the search was unwarranted or unreasonable, and would have submitted to the jury a question of law and not of fact. Black v. State, Tex. Cr.App., 491 S.W.2d 428; Fisher v. State, Tex.Cr.App., 493 S.W.2d 841 (1973); Campbell v. State, Tex.Cr.App., 492 S.W. 2d 956, (1973); Ainsworth v. State, Tex. Cr.App., 493 S.W.2d 517 (1973).

We overrule this ground of error.

■ By his ground of error number one, appellant claims that this case must be reversed because the assistant district attorney, in his opening argument to the jury, referred to the failure of appellant to testify.

On voir dire, the court told the prospective jurors, "the defendant can stand mute and the burden is still upon the State of Texas."

In the charge to the jury, the court said:

"The law provides that the failure of the defendant to testify shall not be taken as a circumstance against him, and you must not allude to, comment on, or discuss in your deliberations the failure of the defendant to testify in this case."

Neither of those instructions was objected to. They comply with the decisions of this court in Hill v. State, 466 S.W.2d 791 and Smith v. State, Tex.Cr.App., 455 S.W. 2d 748, 754, as being in substantial compliance with Art. 38.08, V.A.C.C.P.

The language of the assistant district attorney here complained of was:

"Now another thing that is under our Constitution and jurisprudential system, the defendant's failure to testify cannot be taken as evidence against him. He is accorded that privilege, and he has exercised that."

It cannot be argued that such statement was not a comment on the failure of appellant to testify, and thus was error against him. But does it necessitate reversal? We hold that it does not.

The court sustained appellant's objection and twice instructed the jury not to consider such statement; however, motion for mistrial was overruled.

In Bannon v. State, 406 S.W.2d 908, certiorari denied, 385 U.S. 816, 87 S.Ct. 38, 17 L.Ed.2d 55, this Court held that the reading of that portion of the charge instructing the jury in accordance with Art. 38.08, V.A.C.C.P., did not constitute a comment on the failure of appellant to testify. To the same effect, see Bryant v. State, Tex. Cr.App., 397 S.W.2d 445 and Reese v. State, 142 Tex.Cr.R. 254, 151 S.W.2d 828 at 837.

In Ramos v. State, Tex.Cr.App., 419 S. W.2d 359, speaking for this Court, Judge Onion wrote that a statement by the prosecuting attorney in argument, "under our laws after a man is arrested he cannot be compelled to give evidence against himself. He doesn't have to take the stand. It's in the charge," was in that case harmless error.

The statement of the assistant district attorney was not in derogation of the right of appellant not to testify. It was in full recognition of that right, and did no more than paraphrase the charge of the court. We hold it to be harmless error and overrule ground of error number one.

We find no reversible error in the record and affirm the judgment.

Opinion approved by the Court.