**Billy Joe SHORT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48695.**

Court of Criminal Appeals of Texas.

July 10, 1974.

F. R. Files, Jr., Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Tyler, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for murder with malice; the punishment, death, which has been commuted to life by the Governor upon the recommendation of the Board of Pardons and Paroles.

Hattie Wilson operated a small grocery store east of Tyler on the Chandler Highway in Smith County. She was found in a dying condition in her store on the afternoon of September 4, 1970. She had been severely beaten in the head with an axe handle, which lay near the body, with blood and hair on it, and which contained a fingerprint of appellant. She was also shot, from which she soon died.

About noon on that day, appellant purchased a .22 caliber pistol from a pawn shop in Tyler, and about 2:00 P.M. he went to Hattie Wilson's store, beat her with the axe handle, shot her in the head with the pistol, and took about $47 in money from the cash register.

On September 15, 1970, at 8:30 or 9:00 A.M., appellant was arrested on a warrant issued by a Justice of the Peace for another alleged offense. About 5:00 P.M. on the day he was arrested, appellant was tak-

en before Judge Hicks, a Justice of the Peace, and was fully warned of his legal rights as required by Art. 15.17, Vernon's Ann.C.C.P., and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, which warnings were shown in the record as State's Exhibit No. 3, signed by appellant. After such warnings, appellant admitted the killing to Sheriff Brownlow of Henderson County, and that night with the aid of a flashlight pointed out to Sheriff Brownlow and other officers the location in Hill's Lake where he said he had thrown the pistol used in the killing of Hattie Wilson. The next morning, appellant accompanied officers to the same location at Hill's Lake, when by diving at that location the pistol was found in the lake. On the trial it was identified as the pistol purchased by appellant from the pawn shop in Tyler the day of the killing.

After being questioned by officers off and on, about 1:45 A.M. on September 16, Assistant District Attorney Charles Crow was called to the sheriff's office where appellant was in the coffee room. Crow gave him the *Miranda* warnings and as required by Art. 38.22, V.A.C.C.P., which was included in appellant's confession, (shown in the record as State's Exhibit No. 1) appellant signed a "waiver," State's Exhibit No. 2, in which he stated: "I have been warned about my rights by Charles Crow. I understand I don't have to tell him anything and what I do say can be used against me in court. I do not want to have a lawyer present at this time."

Thereafter, appellant executed a full written confession to the murder, but before admitting it in evidence the court held a hearing as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

At the conclusion of that hearing the court ruled that both the oral and written confessions were intelligently, knowingly and voluntarily made, admitted them in evidence, and filed findings of fact and conclusions of law fully shown in the record.

The first ground of error urged by appellant is that the court erred in admitting the written confession in evidence because it was not voluntarily made.

■ Part of appellant's argument is centered upon the fact that after appellant's arrest on September 15, 1970, there was a delay of some nine hours before he was taken before the magistrate Hicks and warned of his rights. In the meantime he had not made the written confession and he did not claim at the Jackson v. Denno hearing that such delay had anything to do with his subsequent confession. Indeed, he testified that he knew of his rights all the time, that he had been convicted of several felonies and in some of them had confessed. Thus, no causal connection was shown between such delay and the giving by appellant of his written confession. In Shadrick v. State, Tex.Cr.App., 491 S.W.2d 681, there was a delay of ten or eleven days, but no causal connection shown. In Spencer v. State, Tex.Cr.App., 489 S.W.2d 594, there was a delay of forty hours, but no causal connection.

■ As found by the trial court, there was no evidence of abuse, promises, violence or duress. The evidence from appellant himself as well as all witnesses showed that he knew his rights and fully understood that he was not compelled to confess. The contention of appellant as shown in the voluminous record of the Jackson v. Denno hearing may be condensed into the claim that he confessed because of threats of violence of three peace officers. We quote from his testimony on cross-examination:

"Q You have stated that you did waive your rights to Mr. Crow, and I believe you told me that you did so knowingly and intelligently. Is that correct?

"A I believe that would be correct; yes sir.

"Q And with regard to whether or not it was voluntarily done, as I understand your testimony, it was because of the two instances—the prior threats, and you say it was not voluntarily done. Is that correct?

"A That is right. Yes, sir.

"Q Another way of saying it would be that if those threats hadn't been there, if those officers hadn't made the threats that you said they had, or if Ranger Mitchell didn't make the threats that you said he did, then your answer would be if you had made this Waiver that it would be knowingly, intelligently, and voluntarily given. Is that correct?

"A I am saying that I would never have signed the Statement.

"Q But those are the only things that keep this from being voluntary. Is that correct?

"A That is correct."

The threats that appellant claimed caused him to sign the confession he said were made by Officers Garrett, Noble and Mitchell. All of those officers testified and completely denied any such threats. Also, the sheriff of Henderson County, the sheriff of Smith County and the Assistant District Attorney testified to the complete absence of threats or pressure upon appellant. Thus, there was an issue of fact made between them and appellant. No other witness in any manner corroborated appellant as to any threats. In view of appellant's criminal record which bore on his credibility and the abundant evidence refuting his claim, the trial judge was amply supported by the evidence in holding that no such threats were made.

Considering the entire record and the totality of the circumstances, we sustain the trial court's decision that the confession was voluntary and admissible in evidence. Easley v. State, Tex.Cr.App., 454 S.W.2d 758; Akridge v. State, Tex.Cr.App., 493 S.W.2d 928.

Secondly, appellant seeks a reversal because of the comment by the prosecutor in his argument on the failure of appellant to testify, as prohibited by Art. 38.08, V.A.C.C.P.

The argument to which he objected was:

"Paragraph 4 down here is important to me in that it says the Defendant shall have the right to testify if he wants to, but if he doesn't want to, you can't take this as a circumstance against him, as a circumstance of his guilt, and you cannot comment on his failure to take the witness stand, and I concur. This is our law and this is the way it is set up to be and I would caution you in this area. Certainly, we wouldn't want this all to be for naught and sometimes that can be the case if we have jury misconduct, so where the Court tells you not to talk about something, that comes recommended from both sides."

The prosecutor was referring to the court's charge. No objection had been made to paragraph 4 thereof. In qualifying the jurors, appellant's attorney had questioned them individually on the proposition that they would not consider the failure of appellant to testify as any evidence of his guilt.

In the quoted argument, the prosecutor was doing no more than paraphrasing the charge. He did not specifically refer to appellant's failure to testify, nor ask the jury to consider his failure to do so against him. On the contrary, he cautioned the jury not to do so. His argument was not in derogation of appellant's rights, but was in full harmony with them.

We do not find that such argument was harmful to the rights of appellant, and overrule ground of error number two. Ramos v. State, Tex.Cr.App., 419 S.W.2d 359; Hardy v. State, Tex.Cr.App., 496 S.W.2d 635; Bannon v. State, Tex.Cr.App., 406 S.W.2d 908, certiorari denied, 386 U.S. 816, 87 S.Ct. 38, 17 L.Ed.2d 55; Bryant v. State, Tex.Cr.App., 397 S.W.2d 445; Reese v. State, 142 Tex.Cr.R. 254, 151 S.W.2d 828; Wimberly v. State, 109 Tex.Cr.R. 581, 6 S.W.2d 120; McPhail v. State, 114 Tex.Cr.R. 635, 26 S.W.2d 218.

By his grounds of error four and five, appellant contends that the admission in evidence of the axe handle with blood and hair on it was prejudicial to him.

We have held that photographs of the deceased are admissible, and likewise bloody clothing, if they have relevancy such that a verbal description thereof would be admissible. Harrison v. State, Tex.Cr.App., 501 S.W.2d 668, and cases therein cited. Certainly the axe handle with appellant's fingerprint on it, obviously used to assist in the perpetration of this crime, could be described and testified about; therefore, the fact that it had blood and hair on it would not require it to be excluded from the evidence.

We overrule grounds of error four and five.

By his sixth and seventh grounds of error, appellant contends that Article 1257, Vernon's Ann.P.C., is unconstitutional under authority of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed. 2d 346, because the said statute provides for the death penalty. While appellant's cause was pending on appeal, the Honorable Dolph Briscoe, Governor of the State of Texas, upon the recommendation of the Board of Pardons and Paroles, commuted the appellant's punishment to life imprisonment. Appellant's ground of error is therefore moot. Armstrong v. State, Tex. Cr.App., 502 S.W.2d 731; Cherry v. State, Tex.Cr.App., 488 S.W.2d 744; Whan v. State, Tex.Cr.App., 485 S.W.2d 275.

We overrule grounds of error numbers six and seven.

Appellant asks us, in his grounds of error eight and nine, to hold Arts. 1.13 and 37.07, V.A.C.C.P., unconstitutional. He attempted to waive trial by jury and to have the judge assess the punishment in

the event of a verdict of guilty, but he did not make such request in writing executed by appellant, and such attempt to waive trial by jury was not approved by the State nor by the judge, as required by such articles.

This trial was held on December 6 to 21, 1971. Furman v. Georgia, and Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L. Ed.2d 346, were decided on June 29, 1972, subsequent to this trial. While it was therein decided that the execution of the death penalty was unconstitutional, it was not held that the procedure for waiving trial by jury as provided by our statutes was unconstitutional. We decline to so hold here. See State of Louisiana v. Holmes, 263 La. 685, 269 So.2d 207; People ex rel. Dunbar v. District Court (Colo. 1972), 500 P.2d 358; Hudson v. McAdory (Miss.1972), 268 So.2d 916; Jones v. Sheriff (Nev.1973), 509 P.2d 824; State v. James (1973), 30 Utah 2d 32, 512 P.2d 1031; State v. Haga (1972) 81 Wash.2d 704, 504 P.2d 787. See, also, Lincoln v. State, Tex.Cr.App., 508 S.W.2d 635.

Grounds of error eight and nine are overruled.

■ In his grounds of error ten and eleven, appellant brings for our review the question of the correct charge of insanity at the time of the offense charged.

The Defendant requested that the Court charge the Jury on Insanity as follows: ·

"You are · instructed that a person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct with the requirements of law.

"As used in this charge, the term 'mental disease or defect' does not include an ab-normality manifested only by repeated criminal or otherwise anti-social conduct. The burden of proof as to this issue, as in all issues, is upon the prosecution to prove beyond a reasonable doubt."

Appellant contends that this charge is supported by the decision in Blake v. U. S., 5 Cir., 407 F.2d 908.

The court charged on the right and wrong test, as follows:

"You are instructed that no act done in a state of insanity can be punished as an offense. Every man is presumed to be sane until the contrary appears to the jury trying him. He is presumed to entertain, until the contrary appears, a sufficient degree of reason to be responsible for his acts; and to establish a defense on the ground of insanity, it must be shown by a preponderance of the evidence that at the time or times inquired about, the party accused was laboring under such defect of reason as not to know the nature and quality of the act he was doing, or if he did know, that he did not know he was doing wrong, that is, that he did not know the difference between the right and wrong as to the particular act charged against him. The insanity must have existed at the very time or times inquired about, that is, at the very time of the alleged commission of the offense, and the mind must have been so dethroned of reason as to deprive the person accused of a knowledge of the right and wrong as to the particular act done."

The charge as given by the court was proper. Bush v. State, 172 Tex.Cr.R. 54, 353 S.W.2d 855; Freeman v. State, 166 Tex.Cr.R. 626, 317 S.W.2d 726. See 1 Branch's Ann.P.C.2d, p. 50, § 59.5; Mc-Clung's Jury Charges, Revised, p. 99.[1]

1. We note that as to cases tried after Jan. 1, 1974, by virtue of the new Penal Code, the test of insanity at the time of the alleged offense is:

"Sec. 801. INSANITY. (a) It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of mental disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

We overrule grounds of error ten and eleven.

In his ground of error number twelve, appellant argues that since the confessions of appellant were inadmissible the court should have withdrawn the pistol from the evidence. The ruling of the court being that the oral and written confessions were voluntary, which was supported by the evidence, what we have already said disposes of this contention. Number twelve is overruled.

Likewise, what we have said under appellant's first ground of error sufficiently disposes of his ground number thirteen wherein he makes further complaint because he was not taken before a magistrate for some nine hours after his arrest. It is overruled.

■ We find no reversible error. The judgment is reformed to show that the punishment is life instead of death and, as so reformed, is affirmed.

Opinion approved by the Court.

(b) The term 'mental disease or defect' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."