No. 73–1724. Miller et al. v. United States. C. A. 5th Cir. Certiorari denied.

Mr. Justice Blackmun, with whom Mr. Justice Douglas and Mr. Justice Brennan join, dissenting.

On August 25, 1972, a federal grand jury in the Southern District of Florida returned a 12-count indictment against the petitioners. In eight of the 12 counts petitioners were charged with income tax fraud, in violation of § 7206 (1) of the Internal Revenue Code of 1954, 26 U. S. C. § 7206 (1).[1] The indictment alleged that the

---

[1] "§ 7206. Fraud and False statements.

"Any person who—

"(1) Declaration under penalties of perjury.

"Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that

acts that were the subject of four of the fraud counts (counts II–V, inclusive) were committed on July 18 and 21, 1966, respectively.

Section 6531 of the Code, 26 U. S. C. § 6531,[2] provides a 6-year period of limitations for offenses under § 7206 (1). The indictment, obviously, was returned after the expiration of the 6-year period and, without more, would be subject to dismissal as out of time. See *Benes* v. *United States*, 276 F. 2d 99, 107–109 (CA6 1960).

Section 6531, however, has as its penultimate sentence the following:

> "Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States."

With respect to the alleged offenses of July 18 and 21, 1966, a complaint was filed by the Government with a commissioner of the United States on July 17, 1972, just within the 6-year period. The record contains an

---

it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter

. . . . .

"shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

[2] "§ 6531. Periods of limitation on criminal prosecutions.

"No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

. . . . .

"(5) for offenses described in sections 7206 (1) and 7207 (relating to false statements and fraudulent documents)."

acknowledgment, and discloses, that the Government's case had been prepared a week or 10 days before the expiration of the 6-year period; that there was time for the prosecution to have presented the case to a grand jury within that period; that a grand jury had been empaneled in the district; that, in fact, a grand jury of the district had sat in July 1972, including, specifically, the 13th and 20th days of that month; and that the situation was not one where a grand jury of the district was not in session during the closing days of the limitation period.

A defense motion to dismiss the four counts was granted by the District Court. The Court of Appeals reversed. 491 F. 2d 638, 644–646 (CA5 1974).

In *Jaben* v. *United States,* 381 U. S. 214 (1965), § 6531 was construed to apply to a situation where the Government had developed its case within the time period prescribed by the statute of limitations, but was unable to obtain an indictment because a grand jury was not in session. Mr. Justice Harlan, in speaking for the Court, observed:

> "More basically, the evident statutory purpose of the nine-month extension provision is to afford the Government an opportunity to indict criminal tax offenders in the event that a grand jury is not in session at the end of the normal limitation period. This is confirmed by the immediate precursor of the present section which provided for an extension 'until the discharge of the grand jury at its next session within the district.' I. R. C. 1939, § 3748 (a). Clearly the statute was not meant to grant the Government greater time in which to make its case (a result which could have been accomplished simply by making the normal period of limitation six years and nine months), but rather was intended to deal

with the situation in which the Government has its case made within the normal limitation period but cannot obtain an indictment because of the grand jury schedule." *Id.,* at 219–220. (Footnote omitted.)

Mr. Justice Goldberg, in a separate opinion, concurring in part and dissenting in part, and joined by Mr. Chief Justice Warren and MR. JUSTICE DOUGLAS, echoed this conclusion:

"I agree with the Court that the purpose of the tolling provision in the statute of limitations before us, as evidenced by its language and its legislative history, is to avoid penalizing the Government when a criminal defendant cannot be indicted merely because no grand jury is sitting at the time the limitation period expires. In keeping with this purpose, the Government ought to be allowed to present a case prepared before the expiration of the limitation period to the grand jury when it next convenes, but it ought not to be allowed to take advantage of a nine-month extension to prepare a case which was not ready for submission before the end of the statutory period." *Id.,* at 226.

This analysis of the purpose of the significant sentence of § 6531, although not determinative of the issues in *Jaben,* remains as this Court's primary interpretation of the statute.

The Government's position, however, as expressed in its memorandum in opposition to the petition for certiorari,[3] is essentially that the 6-year limitation period for

---

[3] "The statute simply permits the filing of a complaint prior to the end of the limitations period as a means of extending the time for the issuance of an indictment. . . . The purpose of the complaint procedure is to allow the government additional time to present the matter to the grand jury once its case is made." Memorandum for the United States in Opposition 3.

an offense under § 7206 (1) is automatically extended and converted into a 6-year-and-9-month period, at the Government's option, by its mere filing of an appropriate complaint with a commissioner of the United States before the expiration of the 6-year period.

The Government, possibly, is right, but its position, under the circumstances of this case, appears to me to be not entirely consistent with what was said in the respective opinions in *Jaben* by Justices Harlan and Goldberg. I therefore would grant the petition for certiorari and test the Government's position only upon full briefing and argument.