Kenneth Ray REECE, Appellant,

v.

The STATE of Texas, Appellee.

Dwight Leon RICHARDSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 49945, 49946.

Court of Criminal Appeals of Texas.

April 16, 1975.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, Mike Keasler and Gary Noble, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant Richardson was convicted of aggravated robbery on his plea of guilty, and punishment of imprisonment for twenty years was assessed; the appellant Reece was convicted of robbery, and punishment of imprisonment for twelve years was assessed. The appellants were separately indicted for aggravated robbery arising from the same incident. Both requested they be tried together. The appellant Richardson agreed to the joint trial knowing that the appellant Reece was going to plead not guilty, and the appellant Reece agreed knowing that the appellant Richardson was going to plead guilty. Each agreed to have the jury assess his punishment.

The appellants' counsel has filed briefs comporting with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), in which he asserts the appeals are frivolous. He further asserts that a copy of the brief has been furnished each appellant with instructions regarding a pro se brief. However, as suggested in Anders v. California, supra, counsel has advanced two arguable grounds of error for each appellant.

The appellant Richardson in his first ground claims that his conviction for aggravated robbery cannot stand in view of a jury verdict finding the appellant Reece guilty only of "simple" robbery. The evidence at the guilt-innocence stage showed positive identification of the appellant Richardson as the gunman who actually robbed the complaining witness and others and took their wallets. The appellant Reece drove the car seen at the robbery and was arrested in it with the appellant Richardson shortly afterwards. The appellant Reece was also identified; he admitted his presence in the car, but he claimed he did not have preknowledge of the appellant Richardson's intent to rob anyone. On appeal the appellant Richardson now argues that since the appellant Reece was found guilty of robbery, not aggravated robbery, the jury's determination must have been that no deadly weapon was used. Therefore, the appellant Richardson says his conviction for aggravated robbery is precluded by that jury finding.

The evidence is sufficient to support a conviction of aggravated robbery for either defendant. See V.T.C.A., Penal Code, Secs. 7.01[1] and 7.02.[2] The jury may have found that the appellant Reece was responsible for placing another in fear of imminent bodily injury or death, V.T.C.A. Pe-

---

1. "(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.
"(b) Each party to an offense may be charged with commission of the offense.
"(c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."

2. "(a) A person is criminally responsible for an offense committed by the conduct of another if:
"(1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or
"(3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.
"(b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy."

nal Code, Sec. 29.02,[3] but that he did not himself use or exhibit a deadly weapon. V.T.C.A., Penal Code, Sec. 29.03.[4] However, in any event, a jury may find one defendant guilty of a lesser included offense and another defendant guilty of the greater offense. See V.T.C.A., Penal Code, Sec. 7.03.[5]

The ground of error is overruled.

In the appellant Reece's first ground of error he argues that since the appellant Richardson pleaded guilty to aggravated robbery, the appellant Reece himself could be guilty only of aggravated robbery because his criminal responsibility was derived from the conduct of the appellant Richardson. The appellant cites V.T.C.A., Penal Code, Sec. 7.02(a)(2). However, V.T.C.A., Penal Code, Sec. 7.03(2), provides that in a prosecution when criminal responsibility is based on the conduct of another it is no defense "that the person for whose conduct the actor is criminally responsible . . . has been convicted of a different offense or of a different type or class of offense . . . ."

The ground of error is overruled.

In the other arguable grounds of error common to both appeals the appellants complain that the prosecutor's argument implied the existence of facts not established by the evidence. The prosecutor argued at the punishment stage of the trial:

> "Now, you have that to consider because reputation testimony is there to be considered by the jury on the issue of punishment. While we are at it, both sides are entitled to bring you reputation testimony. Did you hear one thing about their good reputation? Of course, then we would be able to ask them questions, you see—"

The trial objection was that the argument was "an implication on a failure to testify." If the objection was that the appellant failed to testify it was properly overruled since the appellants both testified at the punishment stage of the trial. On appeal the appellants have changed their ground of error and claim the argument invited the jury to speculate about matters not in evidence, i. e., questions which could have been asked character witnesses. The objection made did not preserve the error alleged on appeal. See Ashford v. State, 502 S.W.2d 27 (Tex.Cr.App.1973).

The grounds of error are overruled.

The judgments are affirmed.

Opinion approved by the Court.

---

3. "(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:
   "(1) intentionally, knowingly, or recklessly causes bodily injury to another; or
   "(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.
   "(b) An offense under this section is a felony of the second degree."

4. "(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:
   "(1) causes serious bodily injury to another; or
   "(2) uses or exhibits a deadly weapon.

"(b) An offense under this section is a felony of the first degree."

5. "In a prosecution in which an actor's criminal responsibility is based on the conduct of another, the actor may be convicted on proof of commission of the offense and that he was a party to its commission, and it is no defense:
   "(1) that the actor belongs to a class of persons that by definition of the offense is legally incapable of committing the offense in an individual capacity; or
   "(2) that the person for whose conduct the actor is criminally responsible has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or of a different type or class of offense, or is immune from prosecution."