Larry Dwight **BOUCHILLON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 51669.

Court of Criminal Appeals of Texas.

June 30, 1976.

Rehearing Denied Sept. 15, 1976.

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., and Marvin Collins, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GUPTON, Judge.

The offense is burglary of a building under V.T.C.A., Penal Code, Sec. 30.02; the punishment, enhanced under V.T.C.A., Penal Code, Sec. 12.42(b), life.

■ Although not raised by the brief, we note that appellant executed a waiver of the right to appeal on October 16, 1974, after he had been sentenced. Seven days later, on October 23, counsel filed notice of appeal, withdrawing the prior waiver of right to appeal. On that same date the court ordered the statement of facts be prepared and furnished to appellant and appointed counsel. Since the trial court consented to withdrawal of the waiver of right to appeal within ten days after sentencing, the appeal is properly before this Court. *Reed v. State*, 516 S.W.2d 680, Tex. Cr.App. Cf. *Ex parte Dickey*, Tex.Cr.App. (No. 51,405, decided May 4, 1976).

On February 16, 1974, at approximately 9:00 p. m., an officer of the Fort Worth Police Department responded to a silent burglar alarm at the William James Middle School in Fort Worth. Upon his arrival, he walked around the building, checking the doors and windows. He found a window ajar approximately one inch, raised it and put his head inside, at which time he heard breaking and dropping sounds. After several minutes, he shut the window and walked to the other side of the building. He saw a white male, (later identified as Dan Bouchillon) and ordered him to halt. While the man was being frisked, he said, "My baby brother is inside. Please don't kill him." As the officer was walking Dan Bouchillon to his patrol car, he observed a second man (later identified as Larry Bou-

chillon) walking away from the school and apprehended him also.

Other officers arriving on the scene in response to the alarm testified to finding an open door, a door with pry-marks and a broken exterior window pane. Inside the building, they found an interior office door with a broken window pane and on the first floor a dolly with two electric typewriters and an adding machine. A room by room search of the building failed to disclose any other suspects. A screwdriver with the tip broken off and a sock were found in Dan Bouchillon's right coat pocket.

■ Appellant contends that the prosecutor improperly commented on appellant's failure to testify in his opening argument at the guilt-innocence stage:

"MR. CHANEY: Now the law also instructs that the failure of the defendants to testify should not be taken as a circumstance against him and, of course, in this case they did not testify and you should follow this court's instruction and you should not consider that as any evidence _ _ _

MR. BLANKENSHIP: Your Honor, we're going to object to this line of argument as being improper. He's commenting to the fact that neither Defendant in this case testified.

THE COURT: I'll overrule the objection.

MR. CHANEY: The only thing that I can say in relation to that comment is: You have an obligation and the State expects you to fulfill that obligation in following the Court's charge . . ."

Appellant argues this language is closely akin to that held to warrant reversal by this Court in *Brumbelow v. State*, 122 Tex.Cr.R. 198, 54 S.W.2d 528. In that case the appellant did not testify in his own behalf and the assistant district attorney, after criticizing the appellant for not producing witnesses to explain how he acquired money to purchase an automobile, said:

"I am not talking about defendant's failure to take the witness stand and tell you where he got the money, but his failure

to produce witnesses to tell you where he got it. The court tells you, you should not consider his failure to testify and we do not want you to."

However, language used in the instant case is more similar to that found in *Hardy v. State,* 496 S.W.2d 635, 638, Tex.Cr.App.: "Now another thing that is under our Constitution and jurisprudential system, the defendant's failure to testify cannot be taken as evidence against him. He is accorded that privilege, and he has exercised that."

That statement by the district attorney in *Hardy* was held harmless error in that it "did no more than paraphrase the charge of the court." *Hardy,* supra, at page 638. Although here the prosecutor did specifically refer to the appellant's failure to testify, he did so in the context of his paragraph by paragraph explanation of the court's charge. He did not ask the jury to consider the appellant's failure to testify against them, but rather cautioned the jury not to do so. *Short v. State,* 511 S.W.2d 288 (Tex. Cr.App.)

Further, appellant complains that the error was compounded in the State's closing argument:

"MR. BUCKNER: . . . And he says you must exclude—you, the jury, must exclude the hypothesis that the Defendants were walking home. Well, why? I ask you. Why should you exclude it? Is there any evidence that they were walking home? Certainly not. And he hollers about me going outside the record. *I didn't hear anybody say that they were walking home.*

MR. BLANKENSHIP: Your Honor, we want to object to this line of argument as being outside the record. There was testimony that Dan Martin Bouchillon was walking south at the time that he was arrested and that would be consistent with the testimony of the witness, Mrs. Bouchillon, who stated she lived—the house which was—

THE COURT: I'll overrule the objection. The jury will recall what the testimony is in that regard.

MR. BUCKNER: Thank you, Your Honor.

THE COURT: Okay.

MR. BUCKNER: *You stop and think of if anybody said that they were walking home . . .*" (Emphasis Added.)

■ The objection made at trial was that the argument went outside the record; on appeal appellant contends that this is a further comment on appellant's failure to testify. The ground of error presented on appeal must be the same as the objection raised at trial. Nothing is presented for review. *Williams v. State,* 531 S.W.2d 606 (Tex.Cr.App.); *Reece v. State,* 521 S.W.2d 633 (Tex.Cr.App.). However, even if the ground of error alleged had been the same as the trial objection, it is not clear that this language is a comment on appellant's failure to testify. To warrant reversal, the language must be of such character that, when considered from the jury's standpoint, it would necessarily be taken as comment on accused's failure to testify. See *Bird v. State,* 527 S.W.2d 891, Tex.Cr.App. and cases cited therein. This ground of error is overruled.

■ Appellant's second ground of error complains of the admission of a "prison packet" which he contends contains hearsay and irrelevant information. There was no hearsay objection raised at trial:

"MR. BLANKENSHIP: . . . [W]e object . . . for the reason that it contains judgments and sentences in causes which are not alleged in the indictment and are not relevant to the issue at bar . . . They are reasonably calculated to elicit information—supply information to the jury to arouse and inflame the cool reflection and passion of ordinary human beings so as to bias them unduly against the defendants in this cause."

Nothing is presented for review because the hearsay ground of error does not comport with the trial objection. *Williams,* supra; *Reece,* supra. Additionally, the trial objection did not specify which portions of the lengthy prison packet were objectionable. It was not error to overrule an objection that was too general to advise the trial

court of that portion of the exhibit to which the objection was directed. *Boss v. State,* 489 S.W.2d 582, Tex.Cr.App.; *Burton v. State,* 471 S.W.2d 817, Tex.Cr.App.

 Appellant contends the trial court erred in overruling appellant's motion to quash the indictment due to the disqualification of two grand jurors returning the indictment. The record reflects that a grand jury commissioner appointed her daughter-in-law and her husband's niece as grand jurors. Appellant contends "a violation of the anti-nepotism statute [1] renders a grand juror morally unfit under Art. 19.08, V.A.C.C.P." Appellant's challenge to the array of the grand jury was not timely. Further, we find no merit in this contention.

 Appellant has filed two pro se briefs raising additional grounds of error. We have reviewed appellant's contentions and find only one ground of error which needs to be discussed in the interest of justice. See Art. 40.09, Sec. 13, V.A.C.C.P. Appellant alleges the trial court erred in denying his request for three additional peremptory challenges and he was forced to accept as jurors three persons whose names did not appear on the jury list for the week of October 14, 1974, when the trial was had. The record reflects these three jurors had been summoned to appear prior to the week of October 14, but for some reason their service was postponed by the trial judge to the week of the instant trial. This procedure is proper upon a request from a juror.[2] The contention is overruled.

The judgment is affirmed.

ODOM, J., concurs in the results.

ONION, Presiding Judge (concurring).

I concur in the results but do not feel that the majority has properly addressed itself to the last ground of error discussed.

In a pro se brief appellant complains the trial court erred in denying his request for three additional peremptory challenges and in refusing subsequently to dismiss the jury as chosen because he had been forced to accept three persons as jurors whose names did not appear on the jury list for the week of October 14, 1974, when the trial was conducted. The record reflects that two of these jurors had been summoned for the week of October 7, 1974, and one for the week of September 30, 1974. Their jury service was postponed to the week of October 14, 1974.

Article 2120, Vernon's Ann.C.S., as amended (Acts 1971, 62nd Leg., p. 2801, ch. 905, § 10), provides:

"The court may hear any reasonable sworn excuse of a juror, and may release him entirely or until some other day of the term; provided, however, the court shall not excuse any juror for economic reasons unless all parties of record are present and approve such excuse."

In *Lopez v. State,* 437 S.W.2d 268 (Tex. Cr.App.1968), the action of the Bexar County District Courts, in compliance with Article 2120, supra, to see that jurors whose service was postponed served as jurors on another day, was commended.

It does not appear to be the thrust of appellant's pro se brief that prospective jurors who are summoned for one week cannot serve another week if their service is validly postponed. It is his argument that Tarrant County had adopted a plan for the selection of persons for jury service with the aid of mechanical or electronic means under the provisions of Article 2100a, Vernon's Ann. C.S. He contends that the plan adopted by the Commissioners Court, upon the recommendation of the District Judges, provides that if the service of a prospective juror is postponed from one week to another that

---

1. Tex.Rev.Civ.Stat.Ann., Art. 5996a (1951) provides:

"No officer of this State nor any officer of any district, county . . . or other municipal subdivision of this State, nor any officer or member of any State district, county, city . . or other municipal board, or judge of any court

. . . shall appoint . . . to any . . position . . . employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity . . ."

2. See Arts. 2100a and 2120, V.T.C.S.; *Martinez v. State,* 507 S.W.2d 223 (Tex.Cr.App.)

the name of such juror is required to be typed onto the list for the week to which the service was postponed, the original list having come from the computer. It is his contention that the names of the three jurors in question were not typed onto the list for the week of October 14, 1974, as required by the plan.

While this court has written on the legality of the selection of jury panels in Tarrant County by electronic means and has upheld such procedure [*Martinez v. State,* 507 S.W.2d 223 (Tex.Cr.App.1974), cert. den., 419 U.S. 969, 95 S.Ct. 234, 42 L.Ed.2d 186]; see also *Smith v. State,* 472 S.W.2d 520 (Tex.Cr.App.1971), we observe that the "plan" is not in the record before us. Even if it was and contained the requirement mentioned, we observe the October 14, 1974, jury list is not in the record before us, and it is not possible to determine if the names of the jurors in question were added thereto or not. Further, if the requirement was contained in such "plan" and in fact was not followed in this case, we cannot conclude that appellant has shown he was harmed where the jurors were not otherwise shown to be disqualified.

For the reasons stated, I concur in the result.

ROBERTS, J., joins in this concurrence.

ROBERTS, Judge (concurring).

I write to emphasize that this is a direct appeal, not a habeas corpus application seeking relief in the nature of an out-of-time appeal. See *Ex Parte Dickey* (Tex. Cr.App.1976) No. 51,405, decided May 4, 1976). Therefore, since appellant gave notice of appeal within ten days after sentence, his appeal is before this Court. Art. 44.08, Vernon's Ann.C.C.P.