Dennis Ray STEVENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–81–006–CR.

Court of Appeals of Texas, Waco.

July 8, 1982.

Further Appellate Review Denied Oct. 13, 1982.

Ian Inglis, Austin, for appellant.

Felipe Reyna, Crim. Dist. Atty., E. Crawford Long, Asst. Dist. Atty., Waco, for appellee.

HALL, Justice.

This appeal is from a conviction for aggravated robbery. Punishment was enhanced by one prior offense and assessed at twenty-five years in the Texas Department of Corrections.

In the early evening of May 29, 1980, Bill Lockstedt, the doorman of a night club in Waco, McLennan County, Texas, was making a routine check of the parking lot in front of the club. As he looked out the front door of the club he saw appellant removing an eight track tape deck from a customer's car. Lockstedt recognized the car as belonging to Gary Krupicka. When appellant noticed Lockstedt watching him he took the tape deck and walked quickly toward a brown Datsun automobile in the parking lot.

Lockstedt went into the club and told Krupicka what he had seen. Both men then ran to the parking lot where they saw appellant and a passenger in the Datsun. Krupicka called to appellant and the other man but they drove off without acknowledging him. Krupicka followed after them in his car. He caught up with appellant and the passenger as they were stopped behind another car at a traffic light. Krupicka then jumped out of his car and ran to the driver's side of appellant's vehicle. When close enough Krupicka reached through the open window of the car, grabbed appellant's shirt, and demanded the return of his property. Appellant then reached between the car seats and pulled out a "butcher knife," with a six to six and one-half inch blade, pointed it at Krupicka and threatened to kill him if he didn't "back off." Krupicka retreated, the light turned green, and appellant drove away.

Krupicka continued to give chase in his car. Within a few blocks the cars passed

near a parked police car. Krupicka attracted the police officer's attention by honking his horn while he continued in pursuit of appellant. Krupicka then saw appellant throw the tape deck out the window of the Datsun. As Krupicka stopped to retrieve the tape deck, the police car caught up with him. He told the officer what had happened and the officer continued in pursuit of the Datsun.

At the trial Krupicka positively identified appellant as the man he had seen leaving the parking lot of the club, the man that had threatened him with the butcher knife, and the man that threw his tape deck out of the car he was chasing. Also, testimony at trial established that a fingerprint on the passenger door of Krupicka's car had been made by appellant.

Appellant asserts four grounds of error. In his first ground of error appellant urges that "the evidence is insufficient to support the conviction because it was not shown that the knife appellant displayed during the commission of the offense was a deadly weapon."

A "deadly weapon" is defined in Vernon's Texas Penal Code § 1.07(a)(11) as:

"(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

"(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

The evidence presented during the trial showed that appellant pulled a knife on Krupicka as he was attempting to retrieve his property from appellant. The knife was a "butcher knife" with a fixed blade approximately six and one-half inches long. The record shows that appellant pulled the knife on Krupicka while the two men were so close that Krupicka could actually touch appellant through the open window of the car. Krupicka testified that appellant threatened to kill him with the knife and that he was afraid of being killed and jumped back from the car. The state called Detective Randy Aleman, a veteran police officer, who testified that based on his ex-perience a knife of the type used in this case was capable of causing death or serious bodily injury.

Although not a deadly weapon *per se*, a knife can qualify as such through the manner of its use, its size and shape, and its capacity to produce death or serious bodily injury. *Denham v. State*, 574 S.W.2d 129, 130 (Tex.Cr.App.1978). The record in our case establishes that the knife was used during the commission of an offense, and that its use was accompanied with threats reasonably calculated to place the victim of the robbery in fear of his life. Furthermore, the knife was brandished by appellant while he and Krupicka were close enough to actually touch and in such a way that Krupicka retreated in fear of his life. The record also establishes the size and shape of the knife, and expert testimony confirmed that it was capable of causing death or serious bodily injury. We hold this evidence was sufficient to allow the jury to infer that the manner of use and the intended use of the knife made it a deadly weapon within the definition of the Penal Code. *Hawkins v. State*, 605 S.W.2d 586, 588 (Tex.Cr.App.1980); *Hubbard v. State*, 579 S.W.2d 930, 931 (Tex.Cr.App.1979); *Denham v. State*, supra.

In his second ground of error appellant asserts that there is a fatal variance between an allegation of the indictment and the proof at trial concerning the brand name of the tape deck stolen. In the indictment the tape deck was described as "one Fulton brand eight-track tape player." The only proof at trial tended to establish the brand name as "Fulmer" rather than "Fulton."

In *Ex parte Lucas*, 574 S.W.2d 162 (Tex. Cr.App.1978) the court held that a description of the property taken is not required under our present aggravated robbery statute, Vernon's Texas Penal Code § 29.03. Where the description of the property taken is not a legal requisite of the robbery indictment the gratuitous description can be disregarded as mere surplusage. *Smallwood v. State*, 607 S.W.2d 911, 912 (Tex.Cr.App.

1979); *Weaver v. State,* 551 S.W.2d 419, 420 (Tex.Cr.App.1977); *Burrell v. State,* 526 S.W.2d 799, 802 (Tex.Cr.App.1975). Appellant's second ground of error is overruled.

■ In his third ground of error appellant contends the trial court erred in denying his requested charge on the lesser included offense of robbery. An instruction on a lesser included offense is proper only where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction in the lesser included offense. *Sansone v. United States,* 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965); *McKinney v. State,* 615 S.W.2d 223, 224 (Tex.Cr.App. 1981); *Thomas v. State,* 578 S.W.2d 691, 698 (Tex.Cr.App.1979). The state's evidence in our case showed that appellant took the tape deck from Krupicka's car and threatened to kill Krupicka when he attempted to retrieve his stolen property. Appellant called only one witness and attempted to establish his alibi defense that he was not at the scene of the crime and had never robbed or threatened Krupicka. There is no disputed factual element raised by the evidence which would entitle appellant to a charge on a lesser included offense of robbery. Appellant's third ground of error is overruled.

■ In his fourth ground of error appellant complains that the prosecutor misstated the law in certain argument to the jury during guilt/innocence phase of the trial. However, the objection raised by appellant at the time of trial was not the same objection he now asserts on this appeal. Therefore the issue is not properly preserved for review. *Bouchillon v. State,* 540 S.W.2d 319, 322 (Tex.Cr.App.1976); *Reece v. State,* 521 S.W.2d 633, 635 (Tex.Cr.App.1975). In any event, under the test set forth in *Garrett v. State,* 632 S.W.2d 350, 353 (Tex.Cr. App.1982), the argument was harmless beyond a reasonable doubt.

The judgment is affirmed.