# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00852-CR

**Gregory Lopez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT NO. CR2012-396, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Gregory Lopez of continuous sexual abuse of a young child and assessed punishment at 50 years' imprisonment. *See* Tex. Penal Code § 21.02. In two points of error, Lopez argues that the trial court abused its discretion when it denied his motion for mistrial. We will affirm the trial court's judgment of conviction.

## BACKGROUND

The indictment alleged that Lopez had sexually abused A.M., whose mother he was dating. Before his arrest, Lopez had voluntarily spoken with a police detective, and the video recording of their interview was played for the jury at trial. The State characterized the video of the interview as containing admissions by Lopez that he had committed the alleged abuse. A.M. testified at trial; Lopez did not testify.

During the State's closing argument, the following exchange occurred:

[Prosecutor:] And that brings you down to the case. I told you in the beginning there's usually two people present when this occurs that can testify about it. One of them has a right not to. You can't hold it against him. But you get to hear both sides—

[Defense Counsel:] Your Honor, I'm going to object to that. May we approach, Your Honor?

\*\*\*

[At the Bench, on the record.]

[Defense Counsel:] Your Honor, he's commenting on my client's failure to testify. And I object.

[Prosecutor:] It's in the charge. I said they couldn't hold it against him.

[Defense Counsel:] That may be, Your Honor. But he's commenting in his argument on the failure to testify and that violates my client's Fifth Amendment rights, it violates his Texas Constitution due course of law provision, the Fourteenth Amendment, Your Honor.

His—his comment that he didn't testify, Your Honor, is a clear violation of the Fifth Amendment. He has a right not to testify. It's in the Court's charge. They can consider it, but he sure can't argue about it.

[Prosecutor:] I can talk about anything that's in the charge. That's—

[The Court:] Well, what's your motion?

[Defense Counsel:] Your Honor, I'm—Your Honor, I'm—first of all, I'm objecting and I'm asking you to instruct the jury to disregard that last comment.

[The Court:] Okay. Sustained.

[Defense Counsel:] Your Honor, I'm going to ask for a mistrial.

[The Court:] That's denied.

[Defense Counsel:] Thank you.

[End of Bench discussion.]

2

[The Court:]  Ladies and gentlemen, I'm going to ask you to disregard anything that may violate the following paragraph.

"Our law provides that a defendant may testify in his own behalf if he elects to do so.  This, however, is a privilege accorded a defendant.  And in the event he elects not to testify, that fact cannot be taken as a circumstance against him.

"In this case the defendant, Gregory Lopez, has elected not to testify and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant."

I will instruct the State not to refer to the defendant's right to remain silent for any purpose.

You may proceed.

[Prosecutor:]  All right.

You still get to hear from the defendant because he talked to the police.  It's in evidence.  Counsel wants to talk about that videotape.  I went through it.  I won't read all of it to you again in closing, but in opening statement everything I told you is on that tape.

After the jury found Lopez guilty but before the punishment phase of the trial began, Lopez renewed his motion for mistrial.  The trial court again denied the motion.  The jury assessed punishment, and the trial court rendered judgment on the jury's verdict.  This appeal followed.

## STANDARD OF REVIEW

Lopez argues that the trial court erred in denying his motion for mistrial because the prosecutor improperly commented on his failure to testify.  "[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the

3

evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).

A comment on a defendant's failure to testify violates both the state and federal constitutions as well as Texas statutory law. *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011); *Brewer v. State*, No. 03-10-00076-CR, 2014 WL 709549, at *4 (Tex. App.—Austin Feb. 21, 2014, no pet.) (mem. op.); *see* U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. art. 38.08. However, the implication that the State's comment referred to the defendant's failure to testify must be "a clear and necessary one." *Randolph*, 353 S.W.3d at 891. If the language might reasonably be construed as merely an implied or indirect allusion, there is no violation. *Id.*; *see also Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995) ("A mere indirect or implied allusion to the accused's failure to testify does not violate appellant's rights," and "if the language can reasonably be construed to refer to appellant's failure to produce evidence other than his own testimony, the comment is not improper."). The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. *Randolph*, 353 S.W.3d at 891; *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007) (quoting *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001)).

In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character. *Randolph*, 353 S.W.3d at 891. Courts are not to find that the prosecutor manifestly intended to comment on the defendant's failure to testify if some other explanation for the remark is equally plausible. *Id.* In assessing

4

whether the defendant's rights have been violated, courts must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of its being a permissible argument. *Id.*

Because the trial court in this case sustained Lopez's objection to the prosecutor's jury argument and gave a curative instruction to the jury, the only ruling at issue in this appeal is the trial court's denial of Lopez's motion for mistrial. We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* A mistrial is appropriate for "a narrow class of highly prejudicial and incurable errors" and is used to terminate a trial proceeding when the error is so prejudicial that "expenditure of further time and expense would be wasteful and futile." *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).

When a defendant moves for a mistrial on the basis of allegedly improper jury argument, "whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Therefore, we apply the three-factor test articulated in *Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998). *See Archie*, 221 S.W.3d at 700 (applying *Mosley* test to determine whether trial court abused its discretion in denying defendant's motion for mistrial when prosecutor's statement was allegedly a comment on defendant's failure to testify). Under the *Mosley* test, we balance three factors: "(1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) measures adopted to cure the misconduct (the efficacy of any cautionary

instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction)." *Mosley*, 983 S.W.2d at 259.

## DISCUSSION

Lopez contends that the prosecutor's comments were improper because they referred to his failure to testify. He further contends that the trial court abused its discretion by denying his motion for mistrial and that each of the three *Mosley* factors weighs in favor of reversal.

The State responds by arguing that the prosecutor's jury argument was not an improper comment on Lopez's failure to testify but was instead a reference back to the following remarks that the prosecutor made during voir dire:

> How many of you heard somebody say there's two sides to every story? All of you because all of you have mothers. Every mother tells their kid that at some point I'm pretty sure. My mother used to tell me that mostly when she wanted to hear my little sister's side of the story I found.

> How many of you think, to be fair, you should hear both sides? A lot of people do. What I will tell you in criminal cases is that that's not necessarily the right thing. And the reason for that is there is a right not to testify. It's called the Fifth Amendment. You have a right not to incriminate yourself. You have a right not to testify in a case.

The State also contends that the prosecutor's argument was merely reminding the jury of the fact that they could hear from Lopez through the video recording of his interview with the detective. In addition, the State argues that, even if the prosecutor's jury argument was improper, application of the *Mosley* factors demonstrates that the trial court did not abuse its discretion in denying Lopez's motion for mistrial.

6

We are not convinced that the prosecutor's jury argument improperly commented on Lopez's failure to testify. When read in context, the prosecutor's statements appear to hearken back to his comments made during voir dire and to lay the groundwork for his argument that the jury was able to hear from Lopez, even though he did not testify, by viewing the video of his interview. Indeed, after the trial court sustained Lopez's objection and instructed the jury, the prosecutor proceeded with his argument that the jury heard from Lopez through his police interview, and Lopez did not object to that statement. We also note that the prosecutor explicitly reminded the jury that it could not hold Lopez's failure to testify against him. *See Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App. 1999) ("The complained of comment was a recognition that appellant possessed a *right* not to testify and the State respected that right; this is distinguishable from cases in which the State comments negatively on the defendant's *failure* to testify."); *Bouchillon v. State*, 540 S.W.2d 319, 322 (Tex. Crim. App. 1976) ("Although here the prosecutor did specifically refer to the appellant's failure to testify . . . [h]e did not ask the jury to consider the appellant's failure to testify against [him], but rather cautioned the jury not to do so.").

Nevertheless, we will assume without deciding that the prosecutor's jury argument was improper and will analyze the trial court's denial of Lopez's motion for mistrial under the *Mosley* factors. The first factor is the severity of the misconduct (that is, the prejudicial effect of the prosecutor's improper argument). Here, the prejudicial effect of the prosecutor's remarks was minimal if any. The prosecutor himself asked the jury not to hold Lopez's failure to testify against him. We conclude that the first factor weighs in the State's favor.

Under the second factor, we consider curative measures adopted by the trial court. In this case, the court not only sustained Lopez's objection, but also reread to the jury the entire portion of the charge explaining Lopez's right not to testify. We generally presume that a jury will follow the trial court's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Because the trial court took such decisive action to remedy any harm caused by the prosecutor's comments, we conclude that the second factor also weighs in favor of the State.

The third factor requires us to analyze the certainty of Lopez's conviction absent the prosecutor's improper argument. Here, the jury heard testimony from the alleged victim that on one occasion Lopez touched her private part, "was trying to put his finger into [her] butt," pulled her hand "towards his private part," and that this scared her. A.M. also testified that on another occasion Lopez put his finger inside her private part. In addition to this testimony, the State produced the video of Lopez's interview with the detective. Although the parties debate the extent to which Lopez's remarks in this video constitute an unequivocal confession of guilt, we conclude that the video does at least contain incriminating remarks. For example, Lopez admitted to rubbing A.M.'s leg and "belly" and stated that he would sometimes sleep in the bed with A.M. Lopez also said that he may have touched A.M.'s private part, although he claimed that this was accidental. Therefore, we conclude that the third factor weighs in favor of the State.

Having determined that all three *Mosley* factors weigh in the State's favor, we conclude that the trial court did not abuse its discretion by denying Lopez's motion for mistrial. Accordingly, we overrule Lopez's points of error.

8

## CONCLUSION

Having overruled both of Lopez's points of error, we affirm the trial court's judgment.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   October 1, 2015

Do Not Publish